Dear Chief Deputy Frith:
This office is in receipt of your request for an opinion of the Attorney General in regard to transportation of a patient under a Physician Emergency Certificate (PEC) from your local hospital emergency rooms whereby your office is required to provide transportation to the hospitals that are usually far away. You point out that you have been billing the parish government for reimbursement of the overtime wages and mileage utilized for the transportation but they have refused to reimburse the Sheriff's Department.
You note that Atty. Gen. Op. 00-363 addressed the issue of responsibility for funding the transporting of residents and non-residents. You feel it is clear that the parish government is responsible for reimbursing the sheriff for the cost of the PEC transports for a parish resident. However, you find in the last page there could be a contradiction if applied in general, or it may merely clarify a PEC transport of an out of parish resident of a PEC transport at the request of a state agency as it relates to who is responsible for payment and reimbursement expenses.
The syllabus you refer to as the last page is merely a summary, but a reading of the opinion reflects that this office concluded under R.S. 28:142 that the patient or his legally responsible relative shall pay all costs incident to transporting the patient to the mental hospital, and Atty. Gen. Op. 96-362 stated, "[t]hat while the sheriff's department must transport mentally ill patients, they are not required to pay for the service and should be reimbursed."
The opinion further stated, "[c]osts of transporting the patient are to be reimbursed by the Vernon Parish Police Jury where the patient is a resident." *Page 2 
Accordingly, we agree with your interpretation that the parish government must reimburse the sheriff all expenses incurred for PEC transport when the patient is a resident of the parish and for a non-resident, the sheriff must seek reimbursement through that patient's respective parish or state agency, if the PEC was requested by a state agency when the patient or family is not financially able to pay the expense.
This office recently rendered an opinion, Atty. Gen. Op. 05-0220, which quoted Atty. Gen. Op. 00-363, in response to the question as to what parish is responsible for transporting a patient to a facility for treatment. Atty. Gen. Op. 00-363 was quoted as follows:
 The patient's place of residence is of little consequence in determining which law enforcement agency transports a patient under a physician emergency certificate as long as the PEC is properly executed. As stated in Atty. Gen. Op. No. 89-583, "the civil powers of the sheriff may be exercised [in] only the parish in which he or she was elected," therefore, "it [the PEC] is a civil order that only the sheriff . . . has jurisdiction to execute." If the PEC is executed properly by the sheriff of the parish in which the patient is located at the time of execution, the patient's place of residence is irrelevant.
Significantly, we note that the Atty. Gen. Op. 00-363 further provided, "[h]owever, the patient's place of residence is imperative in determining which parish is to reimburse an agency or ambulance company for the cost of transport in an interparish transport", but observed that R.S. 28:142 enumerates the responsible paying parties, and quoted that statute as follows:
 If financially able, the patient or his legally responsible relations shall pay all costs incident to transporting the patient to the mental hospital; otherwise the department [Department of Health and Human Resources], in the case of a nonresident, or the parish in which the hearing was held, in the case of a resident, shall pay these costs. If a patient's domicile is in a parish other than that in which the hearing was held, the former parish shall reimburse the latter for these costs.
Atty. Gen. Op. 00-363 further relied upon Atty. Gen. Op. 96-362, wherein this office found while the sheriff's department must transport mentally ill patients, they are not required to pay for the service and should be reimbursed, citing Atty. Gen. Op. 83-346 as having stated the sheriff should be reimbursed by the police jury. *Page 3 
Atty. Gen. Op. 83-346 further stated that the amount of remuneration depends upon the nature of the fees and where the patient resides, noting that the parish may seek reimbursement from the parish where the patient resides, but continued with the comment that if another state agency has requested the transfer, that agency is responsible for the cost of transfer, "and should reimburse the sheriff's department accordingly."
We hope this clarifies the previous opinion, and that it be recognized that the Sheriff's Department is responsible for transferring a patient under a PEC but must be reimbursed. If the patient or his relative is able, they shall pay the costs incident to transporting the patient. However, if another state agency has requested the transfer, that agency would be responsible for the cost to the sheriff, but if as a result of a hearing, the parish in which the hearing was held shall pay the cost in the case of a resident although the parish may seek reimbursement from the parish where the patient resides.
If we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:___________________________ BARBARA B. RUTLEDGE Assistant Attorney General